**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAVID C.,**

              **Plaintiff,**

-vs-                                           **Case No. 6:11-cv-1402-Orl-31KRS**

**JOHN E.,**

              **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 12) filed by the Defendant, John E., and the response (Doc. 18) filed by the Plaintiff, David C.

**I.    Background**

According to the allegations of the Complaint (Doc. 1), which are accepted as true for purposes of resolving this motion, in December 2010 the Plaintiff's wife gave birth to a daughter ("K.M.C."). Six months later, the Plaintiff's wife informed him that she had been having an affair with the Defendant, and that the Defendant may be the biological father of K.M.C. Less than a week later, the Plaintiff filed a divorce action in state court. In July 2011, Plaintiff's counsel received a letter from Defendant's counsel contending that Defendant was K.M.C.'s biological father and stating that he wanted to become actively involved in her life.

This suit under the Declaratory Judgment Act, 22 U.S.C. § 2201, followed.[1] In this case, the Plaintiff seeks a declaratory judgment "as to whether the Defendant can assert any right under the Constitution or laws of the United States to impugn K.M.C.'s fundamental right to legitimacy, displace Plaintiff as K.M.C.'s legal father or otherwise establish any parental rights in regard to K.M.C." (Doc. 1 at 14). The Defendant contends, *inter alia*, that this suit is barred by a doctrine commonly referred to as the "domestic relations exception."

The domestic relations exception divests the federal courts of the authority to issue divorce, alimony, and child custody decrees. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). The exception is premised on the fact that domestic relations disputes have traditionally been left to the state courts, which have more experience in divorce, alimony, and child custody matters and are more closely associated with the state and local government organizations dedicated to handling such issues. *Id.* at 703-04. However, the fact that a case touches on domestic relations is not grounds for refusing to exercise jurisdiction. In *Ankenbrandt*, for example, the United States Supreme Court held that a trial court erred when it found that it could not consider tort claims brought – on diversity grounds – on behalf of minor children against their father for alleged sexual and physical abuse. *Id.* at 692.

The Plaintiff argues that the instant suit is not barred by the domestic relations exception, because he is seeking only a declaratory judgment as to the constitutionality of Defendant's intended assertion of parental rights. Up to a point, the Plaintiff is correct; he is not seeking a

---

[1] Approximately an hour after he filed this suit in federal court, the Plaintiff filed a suit in state court against the Defendant. (Doc. 18 at 2 n. 1). According to the Plaintiff, the state court suit raises only state law issues relating to the disputed paternity of K.M.C.

divorce decree or a determination of child custody, or any other matter that would bring this case within the domestic relations exception.  But that is not the end of the issue.

Florida Statute § 742.011 provides in pertinent part that "any man who has reason to believe that he is the father of a child ... may bring proceedings in the circuit court, in chancery, to determine the paternity of the child when paternity has not been established by law or otherwise."  Though stated somewhat broadly in the Complaint, as currently pleaded this suit boils down to an effort to block the Defendant from establishing parental rights pursuant to Fla. Stat. § 742.011 on the grounds that such a determination would violate the Fifth and/or Fourteenth Amendment to the United States Constitution.  In other words, the Plaintiff is preemptively asserting a defense to the Defendant's potential[2] parental rights suit.

The Declaratory Judgment Act does not broaden federal jurisdiction.  *Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  And it was not intended to allow a party to initiate in federal court an action that could not have been removed to federal court if it had been filed in state court.  *See Casualty Indem. Exchange v. High Croft Enterprises, Inc.*, 714 F.Supp. 1190 (S.D.Fla. 1989) (citing cases).  The law is well settled that "[w]here the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court."  *Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 242 (1952).  In this case, so far as the Court can discern, at the time of filing of this suit the Defendant's "impending or threatened" state court action would

---

[2]According to the Plaintiff, at this point such a suit has become a reality, as the Defendant has raised these issues in his answer in the state court case, which was filed shortly after this one.

have been a parental rights/child custody case. The domestic relations exception would preclude this Court from hearing a parental rights/child custody case. And to the same extent the Court would lack jurisdiction over that case, it lacks jurisdiction over this one.

However, the parties have not addressed this issue in their papers.[3] As such, the Court will permit the Plaintiff, if he wishes, to file an amended complaint clearly setting forth a basis for jurisdiction – and, in particular, clearly identifying the type or types of state court action the Defendant might file. Finally, the Court notes that, because this matter is being dismissed for lack of subject matter jurisdiction, the Court has not reached the Defendant's Rule 12(b)(6) and *Brillhart* abstention arguments. To the extent they might remain applicable, they may be raised in response to any amended complaint filed by the Plaintiff.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 12) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Any amended complaint must be filed on or before December 2, 2011.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 18, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[3] The Court is "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir.2004) (citation omitted).